IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN HOUSTON,

        Plaintiff,                    No. CIV S-09-0178 GEB EFB P

    vs.

MIKE KNOWLES, et al.,

        Defendants.            ORDER AND
                                      FINDINGS AND RECOMMENDATIONS

        Plaintiff is a prisoner without counsel and proceeding in forma pauperis with a civil rights action brought under 42 U.S.C. § 1983. Currently before the court are numerous motions filed by plaintiff: (1) a "Request for Securing of Vital Documents in Defendants' Control" (Docket No. 31); (2) motions for entry of default judgment against all six defendants (Docket Nos. 42-47); (3) a motion for a temporary restraining order (Docket No. 54); (4) a motion to vacate the court's order granting certain defendants an extension of time to respond to the complaint (Docket No. 56); and (5) a motion for court intervention (Docket No. 60). Several of plaintiff's motions seek a provisional remedy of some sort (Docket Nos. 31, 54, and 60) and thus will be addressed together. Plaintiff's motion to vacate is similarly related to his requests for entry of default judgment, and thus those motions (Docket Nos. 42-47 and 56) will also be addressed together. For the reasons provided below, the court denies plaintiff's "Request for

1  Securing of Vital Documents in Defendants' Control." The undersigned recommends the denial
2  of plaintiff's motions for entry of default judgment, to vacate the order granting defendants an
3  extension of time, and for a temporary restraining order. However, the court will require
4  defendants to respond to plaintiff's contention that he has been separated from his necessary
5  legal materials.

**I.  Motions for Provisional Relief**

On September 29, 2010, plaintiff filed a "Request for Securing of Vital Documents in Defendants' Control." Dckt. No. 31. Plaintiff contends that, as alleged in his complaint, defendants have, in the past, tampered with documents to cause him loss and "disguise their fraudulent statements against plaintiff." *Id.* at 2. Thus, plaintiff states, there is "no reason to believe" that defendants will not alter documents vital to his case. *Id.* Plaintiff asks the court to confiscate certain listed documents to prevent such spoliation. *Id.*

As plaintiff's motion does not seek intermediate relief of the same character as that which may be granted finally, but instead concerns procedures to be used in the litigation of this case, the court construes the motion as one for a protective order rather than one for preliminary injunctive relief. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (stating that preliminary injunctive relief is not appropriate for matters outside the lawsuit's issues); *DeVose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (same). Such a motion is within the jurisdiction of the undersigned. *Chan v. County of Sacramento*, No. CIV S-09-2006 MCE GGH P, 2010 U.S. Dist. LEXIS 88706, *2-6 (E.D. Cal. Aug. 27, 2010).

Plaintiff's bare allegation that defendants have altered documents does not provide a sufficient basis for the court to issue a protective order. Contrary to plaintiff's assertions, the court has some reason to believe that defendants will not alter discoverable documents, as all parties to this case are under an obligation to preserve evidence they know or should know is relevant to the case or could lead to the discovery of relevant evidence. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 193 (C.D. Cal. 2006). If, after discovery has commenced,

1 plaintiff believes that defendants have altered or destroyed discoverable information, plaintiff
2 may seek sanctions against defendants, including an adverse inference that the tampered
3 information was adverse to defendants. *Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc,*,
4 682 F.2d 802, 806 (9th Cir. 1982); *In re Napster, Inc. Copyright Litig.*, 462 F. Supp.2d 1060,
5 1078 (N.D. Cal. 2006); *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 557
6 (N.D. Cal. 1987). Accordingly, plaintiff's request that the court confiscate certain documents
7 from defendant, construed as a motion for a protective order, will be denied.

8 Plaintiff has also filed a "Request for Temporary Restraining Order" (Docket No. 54), in
9 which he alleges that prison staff filed a false disciplinary charge for bringing marijuana into the
10 prison against him in January 2011 in order to have him placed in Administrative Segregation
11 and thereby separated from the legal materials he needs to litigate this and other cases. He
12 argues that the evidence does not support the disciplinary charge and asks the court to order
13 prison authorities to release him from Administrative Segregation and provide him with his legal
14 materials.

15 Again, plaintiff seeks provisional relief on claims that are not included in the complaint
16 and are unrelated to the claims raised in his complaint. *See* Dckt. No. 28, Am. Compl. (raising
17 claims arising from allegedly false disciplinary charges for sexual battery and other alleged
18 constitutional violations occurring in 2008). This case was initiated long before the January
19 2011 discipline plaintiff challenges in his request for a temporary restraining order, and because
20 that disciplinary action is not part of this case, plaintiff may not obtain an injunction nullifying
21 all or part of it, including plaintiff's consequent placement in Administrative Segregation. If
22 plaintiff wishes to challenge the January 2011 discipline, he must file a new case to do so.
23 Accordingly, plaintiff's motion for a temporary restraining order, to the extent he seeks an order
24 directing his release from Administrative Segregation or otherwise nullifying discipline that is
25 unrelated to the claims raised in the complaint, should be denied.
26 ////

To the extent plaintiff alleges that he has been separated from the legal materials he needs to prosecute this action, the court construes the motion as one for a protective order. Plaintiff similarly argues in his "Request for Court Intervention" (Docket No. 60), that he has been separated from necessary legal materials and thus cannot respond to the motion to dismiss filed by defendants. Together, the court construes these allegations as a request for a protective order directing defendant Dickinson, Warden of CMF-Vacaville, to provide plaintiff with his legal materials.

Defendants have not responded to plaintiff's claims that he cannot access his legal materials. Accordingly, the court will order counsel for defendants to inquire as to the status of plaintiff's access to his legal materials and, thereafter, to respond to plaintiff's requests for a protective order. If plaintiff is unable to timely file an opposition to defendants' motion to dismiss due to lack of access to his legal materials, plaintiff may seek an extension of time.

## II.     Motions for Default Judgment

Plaintiff seeks entry of default judgment against all six defendants in this action. Dckt. Nos. 42-47. Plaintiff also asks the court to vacate its order of January 19, 2011 (Docket No. 51), granting defendants Dickinson, Mitchell, and Shankland an extension of time to respond to the complaint, to consider those defendants' response untimely, and to enter default judgment against them. Dckt. No. 56.

Plaintiff takes issue with the court's granting of an extension of time without allowing sufficient time for plaintiff to file an opposition to the request. Local Rule 6-144(c) of this court provides that the court has discretion to grant, ex parte, an initial extension of time to a party upon an affidavit submitted by counsel stating that a stipulation to an extension of time cannot reasonably be obtained, why such a stipulation may not be obtained, and why the extension of time is necessary. The request for an extension filed by defendants Dickinson, Mitchell, and Shankland was the first such request in this case and thus, the court had discretion to grant the request without response from plaintiff under Local Rule 6-144(c). Counsel for defendants

submitted the required affidavit, declaring that plaintiff's incarceration made it difficult to obtain a stipulation and providing the reasons for seeking the extension of time. Accordingly, plaintiff's motion to vacate the order of January 19, 2011 should be denied.

As the court acted within its discretion in granting defendants Dickinson, Mitchell, and Shankland an extension of time to respond to the complaint, and as those defendants filed a motion to dismiss within the time provided by the court, plaintiff's motions for entry of default judgment against those defendants should be denied. Further, as the docket in this action does not reveal that defendants Olson and Riley have been served with the complaint, entry of default judgment against those defendants at this time is improper and should be denied. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (holding that a default judgment against a party is void where the party has not been served with process).

The remaining defendant, Knowles, was mailed a waiver of service form by the U.S. Marshal on December 14, 2010, giving him 60 days from that date to respond to the complaint. Dckt. No. 57; Fed. R. Civ. P. 4(d). Defendant Knowles timely filed a response on February 14, 2011. Dckt. No. 62 (defendant Knowles's joinder in the motion to dismiss filed by defendants Shankland, Mitchell, and Dickinson). Accordingly, defendant Knowles has not failed to plead or otherwise defend and entry of default judgment against him is not called for. Fed. R. Civ. P. 55(a).

**III.     Order and Findings and Recommendations**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's September 29, 2010 "Request for Securing of Vital Documents in Defendants' Control" (Docket No. 31) is construed as a motion for a protective order and, so construed, is denied.

2. No later than fourteen days from the date of this order, counsel for defendants shall inquire as to the status of plaintiff's access to his legal materials, and within twenty-one days thereafter, defendants shall file an opposition, or other appropriate response, to plaintiff's request

5

for a protective order directing defendant Dickinson to provide plaintiff with his legal materials.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's January 27, 2011 motion for a temporary restraining order (Docket No. 54), to the extent it seeks an order directing his release from Administrative Segregation or otherwise nullifying discipline that is unrelated to the claims raised in the complaint, be denied.

2. Plaintiff's motion to vacate the order of January 19, 2011 (Docket No. 56) be denied.

3. Plaintiff's motions for entry of default judgment against defendants (Docket Nos. 42-47) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 2, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE