IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN HOUSTON,

     Plaintiff,                        No. CIV S-09-0178 GEB EFB P

     vs.

MIKE KNOWLES, et al.,             ORDER

     Defendants.

                            /

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court are plaintiff's motions for provisional relief (Docket Nos. 54, 60), construed as motions for a protective order by the court on March 3, 2011 (Docket No.67), and defendants' responses (Docket Nos. 75, 81).

     In plaintiff's "Request for Temporary Restraining Order" (Docket No. 54) and "Request for Court Intervention" (Docket No. 60), he alleges that he has been placed in Administrative Segregation and thereby separated from the legal materials he needs to litigate this and other cases. By order dated March 3, 2011, the court construed these requests as for a protective order directing defendant Dickinson, Warden of CMF-Vacaville, to provide him with his necessary legal materials. Dckt. No. 67 at 4. The court ordered counsel for defendants to inquire as to the

////

status of plaintiff's access to his legal materials and respond to plaintiff's requests for a protective order. *Id.*

In response to the order, defense counsel Mitchell Wrosch submitted a declaration stating that he spoke with Sergeant Rodriguez of the CMF-Vacaville Administrative Segregation Unit ("ASU"), who told him that plaintiff has no property restrictions but had not submitted any written request for his legal materials. Dckt. No. 75 at 2. Defense counsel also submitted a declaration from CMF-Vacaville Litigation Coordinator Jennifer Weaver stating that plaintiff has no property restrictions in ASU, but that, to obtain access to legal materials, an inmate in ASU must request them from the ASU property officer. Dckt. No. 75-1 at 2. Mr. Wrosch declares, "The one Property Officer assigned to ASU is presently on vacation. As soon as he returns, I will contact him to confirm that Plaintiff has not submitted a request for his legal material." Dckt. No. 75 at 2.

For his part, plaintiff states that he had never heard of a property request system in place at ASU until reading defendant's response. Dckt. No. 77. Plaintiff was placed in ASU on January 21, 2011 and states that, during the last work week of January, he "asked each and every officer that walked past his cell . . ., stating 'I have legal deadlines and I need my legal property' and there [sic] seemingly practiced response was either 'that's not my job' or 'talk to the property officer.'" *Id.* at 1. No one told plaintiff who the property officer was or how he could contact the property officer. *Id.* Plaintiff states that he filed an inmate appeal and even a state habeas corpus petition to complain of the denial of access to his legal property. *Id.* at 1-2. Plaintiff states that, as of March 24, 2011, he does not have access to his legal property. *Id.* at 2. He objects to any procedure that requires him to wait until the property officer returns from vacation. *Id.*

On April 19, 2011, defendants submitted a supplemental response including a declaration from the ASU property officer, W. Dobos. Dckt. No. 81. Officer Dobos declares that plaintiff submitted a request for his legal property on March 24, 2011 and was provided the property on

2

1  March 30, 2011.  As it appears that plaintiff now has access to his legal materials, the court will
2  deny his motions for provisional relief as moot.
3  Accordingly, it is hereby ordered that plaintiff's motions for provisional relief (Docket
4  Nos. 54, 60) are denied without prejudice.
5  Dated:  May 31, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE