IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN HOUSTON,

    Plaintiff,                   No. CIV S-09-0178 GEB EFB P

vs.

MIKE KNOWLES, et al.,

    Defendants.             <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court are defendants' motion to dismiss (Docket No. 53), plaintiff's motion to compel (Docket No. 88), defendant's motion to conduct plaintiff's deposition (Docket No. 87), plaintiff's motion to stay ruling on the motion to dismiss pending discovery (Docket No. 89), defendant's motion to stay discovery pending ruling on the motion to dismiss (Docket No. 90), and plaintiff's motions for a protective order (Docket Nos. 85, 86). For the reasons provided below, the court will order defendants to respond to plaintiff's motions for a protective order, provide plaintiff with the opportunity to file a supplemental opposition to the motion to dismiss, and defer ruling on plaintiff's motion to compel and defendants' motion to conduct plaintiff's deposition pending receipt of any appropriate opposition plaintiff may file to defendant's motion to stay discovery.

**I.      Motions for a Protective Order**

On May 12 and May 16, 2011, plaintiff filed motions for a protective order, informing the court of certain facts and implying that defendants attempted to orchestrate his death during his dialysis treatment and then gave him medicine to cause him harm. Plaintiff's allegations are difficult to summarize, so the court provides them verbatim:

> The defense . . . managed to influence plaintiff to being admitted to Queen of the Valley hospital where not only did the medical procedures got bad [sic] setting up the first loss of blood but that time was also used to induce plaintiff into taking a drug believed to be an dialysis aid [sic] which . . . was actually some kind of mental castration pill that has cause [sic] plaintiff to dream dreams in which he's in some type of African prison being raped and chased for sport by cannibal headhunters.
>
> On 5/10/11 (Tue) after plaintiff had been returned to the prison and started a dialysis treatment after having informed dialysis staff that I had lost a lot of blood a day or two prior with none being restored, suddenly and hour into that treatment I was awakened by a very loud noise as if someone were celebrating or something and as I sat there feeling ice cold doing my best to get out of that rest in peace stupor staff as inmates [sic] were staring at me as if they had witnessed something they couldn't believe I was coming out of. I remember my lips feeling swollen as if someone had punched me while I was apparently unconscious. Despite like 150 plus [sic] I managed to leave by agreeing to see other medical staff of which I had no intention of seeing. . . . I am still up as for the time earlier in the day as I dream sleep [sic] it was like I was vividly in an African prison being raped and chased for sport by cannibalistic headhunters. I could only think it was one of those drug induced things used for like mental castration will at any rate fact or fiction [sic] I'm now in fear of receiving dialysis treatment or eating the dialysis medically needed nutritional support as odd looking portions of my food taste and smell like the two horse pill sizes pills [sic] they originally gave which had to be 300 mg a piece judged in comparison to the one 75 mg Plavix they claimed I was being given which I at that point refused to take any more as also the other night as I was coming out the rest in peace stupor I remembered a prominent news man Ted or Donald something issuing a warning on the drug Plavix, if that was even actually what I was given.

Dckt. No. 86 at 2-3. Plaintiff asks the court to issue a protective order "directing the defense to cease this unethical and illegal retaliation practice[.]" *Id.* at 3. While defendants' response to plaintiff's motions is not yet due, the court, out of an abundance of caution, will order defendants to respond to the motions on or before June 10, 2011. The court will defer ruling on the motions until it has received and considered defendants' response and any timely reply brief plaintiff may file.

2

## II. Motion to Dismiss and Related Discovery Motions

On January 25, 2011, defendants Shankland, Mitchell, and Dickinson filed a motion to dismiss the complaint, arguing that plaintiff has not stated claims for violation of the Eighth and Fourteenth Amendments because the facts alleged to not constitute such violations. Dckt. No. 53. Defendants Shankland, Mitchell, and Dickinson further argued that plaintiff's Fourteenth Amendment claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1984). Defendants Knowles, Olson, and Riley joined the motion to dismiss on February 14, March 15, and April 4, 2011, respectively. Dckt. Nos. 62, 72, 78.

Rather than respond substantively to defendants' arguments, plaintiff's opposition focused on his belief that default judgment should be entered against defendants, that he had been deprived of necessary access to his legal materials, and that defendants had not come forward with proof that plaintiff cannot establish his claims. Dckt. No. 59 at 2-4. However, to obtain dismissal of plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), defendants need not come forward with proof that plaintiff cannot establish those claims. Rather, defendants need only show that plaintiff's complaint fails to allege sufficient facts supporting his legal theories or otherwise fails as a matter of law. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In order to survive a motion to dismiss under Rule12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri*, 901 F.2d at 699.

////

3

Because disposition of the motion to dismiss depends entirely on a determination of whether the facts as alleged in the complaint make out viable claims for relief under the Eighth and Fourteenth Amendments and/or whether the Fourteenth Amendment claim is barred as a matter of law, and no additional evidence need be considered, plaintiff's motion to stay the court's ruling on the motion pending further discovery (Docket No. 89) will be denied. Indeed, because additional evidence is irrelevant to the motion to dismiss, the court is inclined to grant defendants' motion to stay discovery pending ruling on the motion (Docket No. 90; *see Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)), but will defer ruling on defendants' request for a stay in order to consider any opposition to that request that plaintiff may timely file. The court will similarly defer consideration of plaintiff's motion to compel (Docket No. 88) and defendants' motion to conduct plaintiff's deposition (Docket No. 87) until the court has determined whether discovery should be stayed pending ruling on the motion to dismiss.

While the court will not stay its consideration of the motion to dismiss pending further discovery, it will allow plaintiff an additional 21 days from the date of service of this order to file and serve a supplemental opposition to the motion to dismiss addressing defendants' arguments substantively, in deference to plaintiff's difficulties obtaining his legal materials after being placed in Administrative Segregation in January 2011 (*see* Docket Nos. 54, 60, 67, 75, 81, 83). The court will construe failure to timely file a supplemental opposition as a waiver of any substantive opposition to the granting of the motion to dismiss. *See* E.D. Cal. L.R. 230(*l*). Defendants may file a reply to the supplemental opposition within seven days of service of the opposition.

**III.    Order**

Accordingly, it is hereby ORDERED that:

1. Defendants shall respond to plaintiff's motions for a protective order (Docket Nos. 85 and 86) on or before June 10, 2011.

////

4

2. Plaintiff's motion to stay the court's consideration of defendants' motion to dismiss (Docket No. 89) is denied.

3. Plaintiff shall have 21 days from the date of service of this order to file and serve a supplemental opposition to defendants' January 25, 2011 motion to dismiss substantively addressing the arguments raised therein. Failure to timely file a supplemental opposition will be deemed waiver of any substantive opposition to the granting of the motion to dismiss.

4. Defendants shall have seven days from plaintiff's service of the supplemental opposition to file a reply thereto.

Dated: June 1, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE