1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KELVIN HOUSTON,

11          Plaintiff,                    No. CIV S-09-0178 GEB EFB P

12      vs.

13   MIKE KNOWLES, et al.,
                                      ORDER AND
14          Defendants.               FINDINGS AND RECOMMENDATIONS

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Currently before the court are defendants' motion to dismiss (Docket No. 53),

18   plaintiff's motion to compel (Docket No. 88), defendant's motion to conduct plaintiff's

19   deposition (Docket No. 87), defendant's motion to stay discovery pending ruling on the motion

20   to dismiss (Docket No. 90), and plaintiff's motions for a protective order (Docket Nos. 85, 86).

21   For the reasons provided below, the undersigned recommends that the complaint be dismissed

22   with leave to amend.  In addition, the court denies plaintiff's motions for a protective order.

23   Lastly, the court grants defendants' motion for an order staying discovery pending final

24   determination of defendants' motion to dismiss.

25   ////

26   ////

1

1  **I.      Motions for a Protective Order**

2          On May 12 and May 16, 2011, plaintiff filed motions for a protective order, informing

3  the court of certain facts and implying that defendants attempted to orchestrate his death during

4  his dialysis treatment and then gave him medicine to cause him harm.  Plaintiff's allegations are

5  difficult to summarize, so the court provides them verbatim:

6          The defense . . . managed to influence plaintiff to being admitted to Queen of the
           Valley hospital where not only did the medical procedures got bad [sic] setting up
7          the first loss of blood but that time was also used to induce plaintiff into taking a
           drug believed to be an dialysis aid [sic] which . . . was actually some kind of
8          mental castration pill that has cause [sic] plaintiff to dream dreams in which he's
           in some type of African prison being raped and chased for sport by cannibal
9          headhunters.

10         On 5/10/11 (Tue) after plaintiff had been returned to the prison and started a
           dialysis treatment after having informed dialysis staff that I had lost a lot of blood
11         a day or two prior with none being restored, suddenly and hour into that treatment
           I was awakened by a very loud noise as if someone were celebrating or something
12         and as I sat there feeling ice cold doing my best to get out of that rest in peace
           stupor staff as inmates [sic] were staring at me as if they had witnessed something
13         they couldn't believe I was coming out of.  I remember my lips feeling swollen as
           if someone had punched me while I was apparently unconscious.  Despite like
14         150 plus [sic] I managed to leave by agreeing to see other medical staff of which I
           had no intention of seeing. . . .  I am still up as for the time earlier in the day as I
15         dream sleep [sic] it was like I was vividly in an African prison being raped and
           chased for sport by cannibalistic headhunters.  I could only think it was one of
16         those drug induced things used for like mental castration will at any rate fact or
           fiction [sic] I'm now in fear of receiving dialysis treatment or eating the dialysis
17         medically needed nutritional support as odd looking portions of my food taste and
           smell like the two horse pill sizes pills [sic] they originally gave which had to be
18         300 mg a piece judged in comparison to the one 75 mg Plavix they claimed I was
           being given which I at that point refused to take any more as also the other night
19         as I was coming out the rest in peace stupor I remembered a prominent news man
           Ted or Donald something issuing a warning on the drug Plavix, if that was even
20         actually what I was given.

21  Dckt. No. 86 at 2-3.  Plaintiff asks the court to issue a protective order "directing the defense to

22  cease this unethical and illegal retaliation practice[.]" *Id.* at 3.

23         The court construes the request as a motion for a preliminary injunction and declines to

24  issue the requested order.  Given the lack of showing of any probable success on the merits of

25  his claims, plaintiff fails to make the showing required to obtain a preliminary injunction.  To be

26  entitled to preliminary injunctive relief, petitioner must demonstrate "that he is likely to succeed

1  on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

2  the balance of equities tips in his favor, and that an injunction is in the public interest."

3  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res.*

4  *Def. Council, Inc*., ___ U.S. ___, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008)).  He has not

5  made that showing.

6       The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary

7  injunctions as it relates to the showing a plaintiff must make regarding his chances of success on

8  the merits survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, ___

9  F.3d ___, 2010 U.S. App. LEXIS 19922, 2010 WL 3665149, *8 (amended September 28, 2010).

10  Under this sliding scale the elements of the preliminary injunction test are balanced.  As it relates

11  to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser

12  showing of likelihood of success on the merits. *Id.*  Even with this sliding scale, plaintiff has

13  demonstrated inadequate merit or harm to warrant preliminary injunctive relief.

14       Plaintiff has presented nothing to corroborate his allegations of "unethical" or "illegal

15  retaliation."  As best the court can discern, plaintiff believes that defendants have somehow

16  instructed medical personnel both inside and outside the prison to provide him with a harmful

17  drug, which he describes as a "mental castration" pill, instead of the dialysis medicine required

18  for his dialysis treatment.  Plaintiff has provided no evidence or corroboration in support of these

19  extravagant allegations.  Absent some evidence supporting plaintiff's claims, plaintiff cannot

20  meet the requirements for preliminary injunctive relief.

21  **II.      Motion to Dismiss and Motion to Stay Discovery**

22       On January 25, 2011, defendants Shankland, Mitchell, and Dickinson filed a motion to

23  dismiss the complaint, arguing that plaintiff has not stated claims for violation of the Eighth and

24  14th Amendments because the facts alleged do not constitute such violations.  Dckt. No. 53.

25  Defendants Shankland, Mitchell, and Dickinson further argued that plaintiff's 14th Amendment

26  claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1984).  Defendants Knowles,

1  Olson, and Riley joined the motion to dismiss on February 14, March 15, and April 4, 2011,

2  respectively.  Dckt. Nos. 62, 72, 78.

3         Defendants have moved to stay discovery pending resolution of the motion to dismiss.

4  Dckt. No. 90.  Plaintiff has filed no opposition to the motion despite being given the opportunity

5  to do so.  The court finds that additional discovery is not necessary to the determination of the

6  motion to dismiss and will accordingly grant defendants' request for a stay of discovery.  *See*

7  *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).  Accordingly, the court stays consideration

8  of plaintiff's motion to compel (Docket No. 88) and defendants' motion to conduct plaintiff's

9  deposition (Docket No. 87) until the district judge issues an order adopting or declining to adopt

10  the undersigned's recommendation that the motion to dismiss be granted with leave to amend.

11  Should that recommendation be adopted, the court will defer consideration of the pending

12  motions until plaintiff has filed an adequate amended complaint.  Should the district judge

13  decline to adopt the recommendation, the undersigned will consider and address the discovery

14  motions at that time.

15        **A.**     **Plaintiff's Claims**

16         In the "Statement of Claim" section of the form complaint, plaintiff alleges vaguely that

17  defendants interfered with his ability to gather evidence to mount a defense, provided "deficient

18  procedural safeguards," obstructed his access to the courts, and caused him to endure "inhumane

19  and dangerous living conditions."  Dckt. No. 28 at 3.[1]  These actions "started as Fourteenth

20  Amendment Constitutional Rights violations and transformed into Eighth Amendment

21  Constitutional Rights Violations."  *Id.*

22         Plaintiff provides some context for these claims in his listed causes of action, which

23  reveal that plaintiff primarily challenges his placement in administrative segregation in July

24  2008.  *Id.* at 4-8.  According to plaintiff, defendant Olson committed "fraudulent false reporting"

25

26      [1] Page numbers cited herein refer to those assigned by the court's electronic docketing
system and not those assigned by the parties.

4

1   when he intentionally fabricated a CDC form 114-D on July 30, 2008 in order to have plaintiff

2   placed in administrative segregation. *Id.* at 4. The allegedly false report stated that plaintiff had

3   committed a sexual battery against two prison staff members in 2002. *Id.* (Documents appended

4   to the complaint reveal that plaintiff had been transferred to a different prison following the

5   incident and that the affected staff members expressed safety concerns when he was returned to

6   the California Medical Facility in 2008. *Id.* at 15-16.)

7       Plaintiff claims that defendant Shankland committed "fraudulent false reporting and

8   illegal tampering" by also fabricating the form 114-D by stating that a hearing took place on July

9   31, 2008 (regarding the report by defendant Olson), when plaintiff was having a dialysis

10  treatment at that time and could not have been at any hearing. *Id.* at 4-5, 20.

11      As for defendant Dickinson, plaintiff claims that she committed "abuse of power by

12  negligence to act" because, although she was aware that the 114-D report was false, she elected

13  not to release plaintiff from administrative segregation at the Institutional Classification

14  Committee hearing on August 19, 2008. *Id.* at 5-6, 21. According to plaintiff, the fact that

15  defendant Dickinson stated that "staff members still have safety concerns" illustrates that she

16  knew the 114-D was fabricated. *Id.* at 6.

17      Plaintiff claims that defendant Mitchell also committed "abuse of power by negligence to

18  act" when she approved a memorandum response to plaintiff's inmate appeal regarding his

19  placement in administrative segregation. *Id.* at 6-7, 14. Plaintiff alleges that Mitchell

20  acknowledged in her memorandum response that she knew that the form 114-D was false and yet

21  failed to take steps to correct the situation. *Id.* (The attachments to the complaint reveal that

22  defendant Mitchell performed the first level review of plaintiff's inmate appeal. *Id.* at 14. The

23  undersigned notes that the memorandum contains no acknowledgment by defendant Mitchell

24  that the form 114-D report was false. *Id.*)

25      Similarly, plaintiff claims that defendant Knowles committed "abuse of power by

26  negligence to act" when he failed to perform some unidentified mandatory duty under the

1   California Code of Regulations on October 31, 2008, causing plaintiff to be retained in

2   administrative segregation.  *Id.* at 8, 15-16.  (The attachments to the complaint reveal that

3   defendant Knowles performed the second level review of plaintiff's inmate appeal.  *Id.* at 15-16.)

4          In allegations apparently unrelated to the claims surrounding plaintiff's placement in

5   administrative segregation, plaintiff claims that defendant Riley committed "obstruction of

6   access to courts" when he told plaintiff on August 21, 2008 that he could not have his legal

7   property unless he agreed to withdraw an inmate appeal he had filed.  *Id.* at 6.

8          **B.      Analysis**

9                  **1.      <u>Legal Standard</u>**

10          To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain

11   "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v.*

12   *Twombly*, 550 U.S. 544, 555-56, 563, 570 (2007).  "A claim has facial plausibility when the

13   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

14   defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937,

15   1949 (2009) (citing *Twombly*, 550 U.S. at 556).   The complaint must include facts sufficient "to

16   raise a right to relief above the speculative level."  *Id.*

17          The court accepts the complaint's factual allegations as true.  *Id.*  However, to state a

18   claim, the allegations must amount to "more than labels and conclusions" or a "formulaic

19   recitation of the elements of a cause of action," because, unlike factual allegations, legal

20   conclusions contained in the complaint are not presumed true.  *Id.* at 1949-50; *Twombly*, 550

21   U.S. at 555-56.  A complaint may be dismissed either because it lacks a cognizable legal theory

22   or because, despite a cognizable legal theory, it fails to allege sufficient supporting facts.

23   *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

24          The complaint's factual allegations are accepted as true.  *Church of Scientology of Cal. v.*

25   *Flynn*, 744 F.2d 694, 696 (9th Cir. 1984).  The court construes the pleading in the light most

26   favorable to plaintiff and resolves all doubts in plaintiff's favor.  *Parks Sch. of Bus., Inc. v.*

1  *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  General allegations are presumed to include

2  specific facts necessary to support the claim.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561

3  (1992).

4        The court may disregard allegations contradicted by the complaint's attached exhibits.

5  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing,*

6  *Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998).  Furthermore, the court is not required to accept as

7  true allegations contradicted by judicially noticed facts.  *Sprewell v. Golden State Warriors*, 266

8  F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir.

9  1987)).  The court may consider matters of public record, including pleadings, orders, and other

10  papers filed with the court.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.

11  1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104

12  (1991)).  "[T]he court is not required to accept legal conclusions cast in the form of factual

13  allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v.*

14  *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept

15  unreasonable inferences, or unwarranted deductions of fact.  *Sprewell*, 266 F.3d at 988.

16        Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

17  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Unless it is clear that no amendment can cure

18  its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before

19  dismissal.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*,

20  809 F.2d 1446, 1448 (9th Cir. 1987).

21               **2.**     **Plaintiff's Claims**

22        As noted above, plaintiff's "Statement of Claim" alleges that defendants violated the

23  Eighth and 14th Amendments.  Additionally, plaintiff's allegations against defendant Riley

24  appear to be an attempt to state a claim for violation of plaintiff's constitutional right of access to

25  the courts.  The court will address each of these claims in turn.

26  ////

1

### I.     The Eighth Amendment

2      A prison official violates the Eighth Amendment's proscription of cruel and unusual

3  punishment where he or she deprives a prisoner of the minimal civilized measure of life's

4  necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834

5  (1994).  To state such an Eighth Amendment claim, a prisoner must allege facts showing that (1)

6  the defendant prison official's conduct deprived him or her of the minimal civilized measure of

7  life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's

8  health or safety.  *Id.* at 834.  While plaintiff has broadly alleged that he was "made to endure

9  inhumane and dangerous living conditions" (Docket No. 28 at 3), he has alleged no facts in his

10  complaint that show such inhumane or dangerous conditions or that show that any defendant

11  acted with deliberate indifference to his health or safety.  Accordingly, plaintiff's claim against

12  all defendants for violation of the Eighth Amendment should be dismissed with leave to amend

13  to provide plaintiff an opportunity to allege sufficient facts to state a claim under the Eighth

14  Amendment.

15

### ii.     The 14th Amendment

16      Although plaintiff does not expressly state which aspect of the 14th Amendment he

17  believes defendants have violated, his allegations indicate that he believes that he was deprived

18  of procedural due process as guaranteed by that amendment due to "deficient procedural

19  safeguards" and interference with his "right to gather evidence in preparation of presenting a

20  defense." Dckt. No. 28 at 3.  To state a claim for violation of the right to procedural due process,

21  plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or

22  property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325

23  F.3d 1078, 1085 (9th Cir. 2003).  Defendants allege that plaintiff has not adequately pleaded a

24  constitutionally-protected interest because prisoners have no protected liberty interest in being

25  free from placement in administrative segregation.

26  ////

1    "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to

2    more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

3    However, state regulations may create a liberty interest in avoiding restrictive conditions of

4    confinement if those conditions "present a dramatic departure from the basic conditions of [the

5    inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).  Under *Sandin*, a liberty

6    interest may exist where placement in administrative segregation "imposes atypical and

7    significant hardship in the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

8    In *Sandin*, the U.S. Supreme Court held that no atypical and significant hardship was

9    imposed by a 30-day assignment to single-cell segregated disciplinary housing, because the

10   inmate did not face significantly different conditions there than inmates in protective or

11   administrative segregation and the inmates segregated placement "did not work a major

12   disruption in his environment." *Id.* at 485-86.  At the other extreme, the Court has held that

13   inmates' transfer to an Ohio "Supermax" prison did impose an atypical and significant hardship

14   because of highly restrictive conditions at the Supermax in comparison with all other forms of

15   incarceration in that state, and thus inmates had a liberty interest in avoiding that transfer.

16   *Wilkinson*, 545 U.S. at 213-216, 223-24 (noting that, at the Supermax, "almost all human contact

17   is prohibited," "the light . . . is on for 24 hours," daily one-hour exercise was available "only in a

18   small indoor room," and placement at the Supermax was indefinite, reviewed only annually and

19   disqualified the inmate from eligibility for parole consideration).

20   Here, plaintiff has alleged broadly that he suffered "serious deprivations," but he has

21   pleaded no facts showing such deprivations or other restrictions he faced in administrative

22   segregation that presented a dramatic departure from the basic conditions of his sentence.

23   Simply stated, he has not set forth facts sufficient to state a claim to relief "that is plausible on its

24   face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 563, 570 (2007).  He has not plead

25   "factual content that allows the court to draw the reasonable inference that the defendant is liable

26   for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing

9

1 | *Twombly*, 550 U.S. at 556).

2 | Accordingly, plaintiff has failed to plead facts showing that he had a liberty interest

3 | protected by the Due Process Clause in avoiding placement in administrative segregation and

4 | that the protected interest was violated by defendants.  Plaintiff's claims for violation of the 14th

5 | Amendment against all defendants should therefore be dismissed with leave to amend to provide

6 | plaintiff with an opportunity to plead facts sufficient to show a protected liberty interest.[2]

7 | ### iii.    Access to Courts

8 | Defendants' motion to dismiss does not address plaintiff's sole remaining claim, against

9 | defendant Riley for "obstruction of access to courts."  Dckt. No. 28 at 6.  The court has reviewed

10 | that claim under its authority under 28 U.S.C. § 1915A[3], however, and concludes that plaintiff

11 | has failed to plead sufficient facts to state a claim for denial of access to courts.

12

13 | [2] Defendants additionally argue that plaintiff's 14th Amendment claim should be
dismissed because plaintiff has not shown that his assignment to administrative segregation has
been invalidated as required by *Heck v. Humphrey*, 512 U.S. 477 (1984).  However, defendants

14 | have not shown (and it is not apparent from the complaint or its attachments) that invalidation of
that housing assignment would have any impact on plaintiff's criminal conviction or the duration

15 | of his attendant incarceration (e.g., by requiring the restoration of forfeited good-time credits).
*See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that a prisoner's § 1983 claim is

16 | barred by *Heck* where success on the action would necessarily imply the invalidity of an
administrative forfeiture of good-time credits).  The *Heck* bar – which exists simply to preserve

17 | the rule that challenges which, if successful, would necessarily imply the invalidity of
incarceration or its duration must be brought via petition for writ of habeas corpus – applies only

18 | in such circumstances.  *Muhammad v. Close*, 540 U.S. 749, 751-52 & n.1 (2004).

19 | Defendants also argue that plaintiff's 14th Amendment claim should be dismissed
because, even assuming that plaintiff had a protected liberty interest in avoiding placement in

20 | administrative segregation, sufficient procedural protections were provided to him.  The
allegations of the complaint and the attached documents do not definitively show that the

21 | procedures employed in placing plaintiff in administrative segregation were adequate such that
the court can make this factual determination in ruling on a motion to dismiss.  *See Wilkinson*,

22 | 545 U.S. at 229 (outlining minimum procedures required when an inmate is transferred to more
restrictive confinement); *Edwards*, 520 U.S. at 647 (due process is violated when a prisoner's

23 | disciplinary hearing officer was biased and dishonestly suppressed evidence of innocence).

24 | [3] Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in
which a prisoner seeks redress from a governmental entity or officer or employee of a

25 | governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable
claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

26 | malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief
from a defendant who is immune from such relief."  *Id.* § 1915A(b).

1    Prisoners have a constitutional right of access to the courts under the First and 14th

2    Amendments. *Lewis v. Casey*, 518 U.S. 343, 346 (1996).  To state a claim for denial of access to

3    courts, a plaintiff must allege a specific actual injury involving a non-frivolous direct appeal,

4    habeas corpus proceeding or § 1983 action.  *Id.* at 351-55 & n.3; *see also Madrid v. Gomez*, 190

5    F.3d 990, 995 (9th Cir. 1999).  Plaintiff has alleged no facts showing how defendant Riley's

6    alleged actions caused him an actual injury in a non-frivolous case he was pursuing.

7    Accordingly, plaintiff's claim against defendant Riley for denial of access to courts should be

8    dismissed with leave to amend to plead sufficient facts showing such an injury.

9    **III.    Order**

10    Accordingly, it is hereby ORDERED that:

11    1.  Plaintiff's motions for a protective order (Docket Nos. 85 and 86), which are

12    construed as a motion for a preliminary injunction, are denied.

13    2.  Defendants' motion to stay discovery pending resolution of their motion to dismiss

14    (Docket No. 90) is granted.

15    It is further RECOMMENDED that:

16    1.  Defendants' motion to dismiss (Docket No. 53) be granted and that plaintiff's claims

17    against all defendants for violation of the Eighth Amendment and the guarantee of procedural

18    due process under the 14th Amendment be accordingly dismissed for failure to state a claim;

19    2.  Plaintiff's remaining claim against defendant Riley for denial of access to courts be

20    dismissed for failure to state a claim; and

21    3.  Plaintiff be granted leave to file an amended complaint, within thirty days of an order

22    adopting these recommendations, curing the deficiencies noted in these recommendations.

23    These findings and recommendations are submitted to the United States District Judge

24    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25    after being served with these findings and recommendations, any party may file written

26    objections with the court and serve a copy on all parties.  Such a document should be captioned

1    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

2    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

3    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4    Dated:  August 30, 2011.

5

6            EDMUND F. BRENNAN
           UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26