IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN HOUSTON,

     Plaintiff,                    No. CIV S-09-0178 GEB EFB P

     vs.

MIKE KNOWLES, et al.,

     Defendants.          ORDER

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This case was referred to the undersigned under Local Rule 302(c)(17), pursuant to 28 U.S.C. § 636(b)(1). Currently before the court are plaintiff's third amended complaint (Dckt. No. 98), plaintiff's motion to compel (Dckt. No. 88), and defendant's motion to depose plaintiff (Dckt. No. 87). For the reasons stated, plaintiff's complaint is dismissed with a final opportunity to amend, and the parties' discovery motions are therefore denied as moot.

**I.    Background**

     Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

On July 17, 2009, the undersigned granted plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismissed plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915A(b). Dckt. No. 19. The order noted that the complaint was so prolix and obscure it violated Federal Rules of Civil Procedure ("Rule") 8 and 10(b). *Id.* The order also informed plaintiff that claims against different defendants may be joined in the same action only if the claims arise from the same transaction or occurrence. *Id.* at 3 (citing Fed. R. Civ. P. 20(a)). Plaintiff then filed a first amended complaint. Dckt. No. 20. On June 30, 2010, the undersigned dismissed plaintiff's first amended complaint, noting that it too violated Rule 8, and that plaintiff had "not altered the substance of his allegations to comply with the court's order that he make his allegations in a simple, concise, and direct manner." Dckt. No. 25 at 2.

On July 27, 2010, plaintiff filed a second amended complaint. Dckt. No. 28. The undersigned found that for the limited purposes of § 1915A screening, it stated cognizable claims for relief against defendants Knowles, Dickinson, Mitchell, Shankland, Olson, and Riley ("defendants"). Dckt. No. 29. Subsequently, defendants moved to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). Dckt. Nos. 53, 62, 72, 78. In addressing their motion, through findings and recommendations dated August 30, 2011, the undersigned noted that plaintiff had purported to bring claims based on alleged violations of his Eighth and Fourteenth Amendment rights, and that he had also alleged an unrelated access to the courts claim against defendant Riley. Dckt. No. 95 at 6, 7. The undersigned recommended that defendants' motion to dismiss be granted, and that plaintiff's complaint be dismissed with leave to amend to cure the specific deficiencies identified in the recommendations. *Id.* On September 27, 2011, the district judge assigned to his action adopted the findings and recommendations in full, and on October 5, 2011, plaintiff filed a third amended complaint. Dckt. Nos. 97, 98.

## II. Third Amended Complaint

In the third amended complaint, plaintiff alleges generally that defendants wrongfully placed him in administrative segregation "to persuade [him] to stop filing appeals in pursuit of his rights, and cruelly subjected [him] to a life-endangering living environment in hopes that [he] would die or be rendered incapacitated which would also be a way they could influence [him] to not be able to file appeals against CDCR staff in pursuit of his rights." Dckt. No. 98 at 9. Plaintiff makes more specific allegations regarding each of the named defendants – Olson Shankland, Dickinson, Mitchell, Knowles, Riley and a Doe defendant, as set forth below.

### A. Defendants Olson and Shankland

Plaintiff alleges that after he was transferred to California Medical Facility, defendants Olson and Shankland told him he was being placed in administrative segregation because two female officers that he had allegedly sexually battered several years prior, were current employees. Dckt. No. 98 at 4. Plaintiff claims Olson falsified a document to have him placed in administrative segregation. *Id.* As a result, plaintiff claims he was forced to defend against "a false crime that never happened," and was denied procedural protections in violation of the Fourteenth Amendment. *Id.* at 5. Plaintiff claims Shankland also falsified documents in order to detain plaintiff and to cause plaintiff to be denied certain procedural protections. *Id.* at 5.

### B. Defendants Dickinson, Mitchell, Knowles

Plaintiff alleges that defendant Dickinson was the chairperson of the Institutional Classification Committee during a hearing in which that committee elected to retain plaintiff in administrative segregation, on the basis of information known to be false. *Id.* at 5.

Plaintiff alleges defendant Mitchell approved a response to plaintiff's administrative appeal at the second level of review, from which it can be "inferred" that she "acknowledged she knew" that the documents used to send plaintiff to administrative segregation were false. *Id.* at 7.

////

1    Plaintiff alleges that defendant Knowles "finalized" the response to plaintiff's inmate
2 appeal at the second level of review, which "established an inference that at that point [he was]
3 fully aware" that plaintiff's placement in administrative segregation was based on a "false
4 contrived document." *Id.* at 8.
5    Plaintiff claims that through Dickinson, Mitchell, and Knowles' "omissions to act," they
6 allowed plaintiff's due process rights to be violated, which "elevated into an Eighth Amendment
7 violation." *Id.* at 6, 7, 9.  Plaintiff further alleges that they were aware that plaintiff was a
8 dialysis patient and knew that staff assigned to administrative segregation had "frequent
9 problems" getting the cell doors to open, and that if plaintiff had started "bleeding out as does
10 happen to dialysis patients on occasion after treatments, with staff unable to open the cell door in
11 time during such an emergency, plaintiff could very well have bled to death . . . ."  *Id.* at 6, 7, 9.
12 Plaintiff also claims their purpose was for "oppressing plaintiff in retaliation for plaintiff having
13 filed numerous appeals against CDCR staff." *Id.* at 6, 7, 9.

14    **C.    Defendant Riley**

15    Plaintiff alleges that while in administrate segregation, he was denied access to his legal
16 property, and that as a result, he missed a deadline in a case he had pending in the Kings County
17 Superior Court.  *Id.* at 6.  He alleges that defendant Riley told plaintiff he could not have any of
18 his legal property unless he withdrew the administrative appeal he had filed regarding his
19 placement in administrative segregation.  *Id.*  Plaintiff contends this violated his right to due
20 process and his right to equal protection of the law because "other inmates of the same class and
21 category as plaintiff were allowed to file appeals without being retaliated against by staff for
22 filing appeals." *Id.* at 6-7.

23    **D.    Doe Defendant**

24    Plaintiff alleges that a Doe defendant illegally attached a false document to plaintiff's
25 administrative appeal with the purpose of having plaintiff's appeal denied, "thereby denying
26 plaintiff of due process as it inflicted and cause a false judgement to therefor result." *Id.* at 8.

4

### III. Screening Order

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

5

violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and finds it does not state a cognizable claim against any defendant for the following reasons.

### A. Eighth Amendment

In the August 30, 2011 findings and recommendations, the undersigned informed plaintiff of the following legal standards for purposes of stating an Eighth Amendment claim. A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state such an Eighth Amendment claim, a prisoner must allege facts showing that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Id.* at 834.

The court dismissed plaintiff's Eighth Amendment claim with leave to amend because plaintiff had only broadly alleged that he was "made to endure inhumane and dangerous living conditions," but had not alleged facts to show such inhumane or dangerous conditions or that any defendant had acted with deliberate indifference to his health or safety. Dckt. No. 95 at 8.

In the third amended complaint plaintiff repeats his conclusory allegations of a "life-endangering living environment," and purports to demonstrate those conditions by alleging that if the cell doors in administrative segregation were not functioning, he could have bled to death. Plaintiff's speculation as to what could have happened by his placement in administrative segregation are not sufficient to cure the deficiencies identified in the court's previous screening order. Plaintiff has not alleged that the conditions in administrative segregation actually resulted in the denial of the minimal civilized measure of life's necessities. Nor does he plead sufficient

facts to show that any defendant was aware of any risk that plaintiff's placement in administrative segregation could result in plaintiff bleeding to death. This claim must therefore be dismissed.

### B. Due Process

In the August 30, 2011 findings and recommendations, the undersigned informed plaintiff of the following legal standards for purposes of stating a Fourteenth Amendment due process claim. Plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).

"[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). However, state regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Under *Sandin*, a liberty interest may exist where placement in administrative segregation "imposes atypical and significant hardship in the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

In *Sandin*, the U.S. Supreme Court held that no atypical and significant hardship was imposed by a 30-day assignment to single-cell segregated disciplinary housing, because the inmate did not face significantly different conditions there than inmates in protective or administrative segregation and the inmates segregated placement "did not work a major disruption in his environment." *Id.* at 485-86. At the other extreme, the Court has held that inmates' transfer to an Ohio "Supermax" prison did impose an atypical and significant hardship because of highly restrictive conditions at the Supermax in comparison with all other forms of incarceration in that state, and thus inmates had a liberty interest in avoiding that transfer. *Wilkinson*, 545 U.S. at 213-216, 223-24 (noting that, at the Supermax, "almost all human contact is prohibited," "the light . . . is on for 24 hours," daily one-hour exercise was available "only in a

7

small indoor room," and placement at the Supermax was indefinite, reviewed only annually and disqualified the inmate from eligibility for parole consideration).

The court dismissed plaintiff's due process claim because he had failed to plead facts showing that the deprivations or other restrictions that he faced in administrative segregation presented a dramatic departure from the basic conditions of his sentence. Dckt. No. 95 at 9-10. The court granted plaintiff leave to amend to plead facts showing that he had a liberty interest protected by the Due Process Clause in avoiding placement in administrative segregation and that the protected interest was violated by defendants. *Id.* Plaintiff's third amended complaint fails to cure these deficiencies and this claim must therefore be dismissed.

Plaintiff also fails to state a due process claim based solely on defendants' alleged handling of his administrative appeals, as there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Plaintiff may not impose liability on a defendant simply because he or she played a role in processing plaintiff's inmate appeals.

### C. Access to the Courts

In the August 30, 2011 findings and recommendations, the undersigned informed plaintiff of the following legal standards for purposes of stating a First Amendment access to the courts claim. Prisoners have a constitutional right of access to the courts under the First and 14th Amendments. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). To state a claim for denial of access to courts, a plaintiff must allege a specific actual injury involving a non-frivolous direct appeal, habeas corpus proceeding or § 1983 action. *Id.* at 351-55 & n.3; *see also Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999).

The court dismissed plaintiff's access to the court's claim because he had alleged no facts showing how defendant Riley's alleged actions caused him an actual injury in a non-frivolous

case he was pursuing. Dckt. No. 95 at 10. In the third amended complaint, plaintiff fails to plead sufficient facts showing such an injury. Therefore, this claim must be dismissed.

**D.     Equal Protection**

In the third amended complaint, plaintiff purports to add a Fourteenth Amendment equal protection claim. Plaintiff alleges in conclusory terms that his right to equal protection was violated because other inmates in his same class and category were not retaliated against for filing inmate appeals. "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted). Plaintiff's conclusory allegations of being treated differently are insufficient to state a claim that any defendant purposely discriminated against plaintiff because of his membership in a protected class. This claim must therefore be dismissed.

**E.     Retaliation**

In the third amended complaint, plaintiff purports to add a First Amendment retaliation claim. To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Thus, to prevail on a retaliation claim, the prisoner "must show that the challenged action 'did not reasonably advance a legitimate correctional goal.'" *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting *Rhodes*, 408 F.3d at 568).

Plaintiff alleges generally that "defendants" retaliated against him for filing administrative appeals by placing him in administrative segregation, but plaintiff does not allege that defendants' actions did not reasonably advance a legitimate correctional goal. Plaintiff also

includes no factual allegations linking defendants Olson or Shankland to a retaliation claim. As for Dickinson, plaintiff only alleges that she was part of a committee that elected to retain plaintiff in administrative segregation. He does not sufficiently allege that her actions were "because of" plaintiff's protected activity, as there are no factual allegations showing she had any such knowledge. As for Mitchell and Knowles, plaintiff only alleges that they were involved in reviewing plaintiff's administrative appeals, but does not allege facts showing that any of their actions or decisions in that regard were motivated by plaintiff's protected conduct, or sufficiently allege how their actions constituted "adverse action." As to Riley, it is unclear whether Riley actually withheld plaintiff's legal property, or just threatened to withhold the property. For these reasons, this claim must be dismissed.

**IV.     Leave to Amend**

For the reasons stated above, the complaint fails to state a claim upon which relief may be granted. Plaintiff will be granted a final opportunity to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

Any amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

////

////

**V.    Discovery Motions**

In light of this Screening Order dismissing plaintiff's third amended complaint, the court denies the parties' discovery motions as moot. Should plaintiff succeed in stating a cognizable claim in a fourth amended complaint, and should any defendant be directed to file an answer to that complaint, the court will issue an amended discovery and scheduling order.

**VI.   Order**

Accordingly, the court hereby orders that:

1. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "Fourth Amended Complaint." Failure to comply with this order will result in this action being dismissed for failure to state a claim.

2. The parties' discovery motions (Dckt. Nos. 87, 88) are denied as moot.

Dated:  March 16, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11