1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KELVIN HOUSTON,

11            Plaintiff,                    No. 2:09-cv-0178 GEB EFB P

12       vs.

13   MIKE KNOWLES, et al.,
                                            FINDINGS AND RECOMMENDATIONS
14            Defendants.

15   _____/

16        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action under 42

17   U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

18   U.S.C. § 636(b)(1).  On March 19, 2012, the court dismissed plaintiff's third amended complaint

19   for failure to state a claim, and granted plaintiff one final opportunity to amend his complaint to

20   state a cognizable claim.  Plaintiff has filed a fourth amended complaint.  For the reasons stated

21   below, it must be dismissed without further leave to amend.

22   **I.     Background**

23        Federal courts must engage in a preliminary screening of cases in which prisoners seek

24   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

25   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

26   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

On July 17, 2009, the undersigned granted plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismissed plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915A(b). Dckt. No. 19.  The order noted that the complaint was so prolix and obscure it violated Federal Rules of Civil Procedure ("Rule") 8 and 10(b).  *Id.*  The order also informed plaintiff that claims against different defendants may be joined in the same action only if the claims arise from the same transaction or occurrence. *Id.* at 3 (citing Fed. R. Civ. P. 20(a)).

Plaintiff then filed a first amended complaint.  Dckt. No. 20.  On June 30, 2010, the undersigned dismissed plaintiff's first amended complaint, noting that it too violated Rule 8, and that plaintiff had "not altered the substance of his allegations to comply with the court's order that he make his allegations in a simple, concise, and direct manner."  Dckt. No. 25 at 2.

On July 27, 2010, plaintiff filed a second amended complaint.  Dckt. No. 28. The undersigned found that for the limited purposes of § 1915A screening, it stated cognizable claims for relief against defendants Knowles, Dickinson, Mitchell, Shankland, Olson, and Riley ("defendants"). Dckt. No. 29.  Subsequently, defendants moved to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). Dckt. Nos. 53, 62, 72, 78.  In addressing their motion, through findings and recommendations dated August 30, 2011, the undersigned noted that plaintiff had purported to bring claims based on alleged violations of his Eighth and Fourteenth Amendment rights, and that he had also alleged an unrelated access to the courts claim against defendant Riley. Dckt. No. 95 at 6, 7.

The undersigned recommended that defendants' motion to dismiss be granted, and that plaintiff's complaint be dismissed with leave to amend to cure the specific deficiencies identified in the recommendations.  *Id.*  On September 27, 2011, the district judge assigned adopted the findings and recommendations in full.  Dckt. No. 97.

On October 5, 2011, plaintiff filed a third amended complaint. Dckt. No. 98.  The court found that the third amended complaint failed to state a cognizable claim for relief:

> In the third amended complaint plaintiff repeats his conclusory allegations of a "life endangering living environment," and purports to demonstrate those conditions by alleging that if the cell doors in administrative segregation were not functioning, he could have bled to death. Plaintiff's speculation as to what could have happened by his placement in administrative segregation are not sufficient to cure the deficiencies identified in the court's previous screening order. Plaintiff has not alleged that the conditions in administrative segregation actually resulted in the denial of the minimal civilized measure of life's necessities. Nor does he plead sufficient facts to show that any defendant was aware of any risk that plaintiff's placement in administrative segregation could result in plaintiff bleeding to death. This claim must therefore be dismissed.
>
> * * *
>
> Plaintiff also fails to state a due process claim based solely on defendants' alleged handling of his administrative appeals, as there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Plaintiff may not impose liability on a defendant simply because he or she played a role in processing plaintiff's inmate appeals.
>
> * * *
>
> Plaintiff alleges generally that "defendants" retaliated against him for filing administrative appeals by placing him in administrative segregation, but plaintiff does not allege that defendants' actions did not reasonably advance a legitimate correctional goal. Plaintiff also includes no factual allegations linking defendants Olson or Shankland to a retaliation claim. As for Dickinson, plaintiff only alleges that she was part of a committee that elected to retain plaintiff in administrative segregation. He does not sufficiently allege that her actions were "because of" plaintiff's protected activity, as there are no factual allegations showing she had any such knowledge. As for Mitchell and Knowles, plaintiff only alleges that they were involved in reviewing plaintiff's administrative appeals, but does not allege facts showing that any of their actions or decisions in that regard were motivated by plaintiff's protected conduct, or sufficiently allege how their actions constituted "adverse action." As to Riley, it is unclear whether Riley actually withheld plaintiff's legal property, or just threatened to withhold the property. For these reasons, this claim must be dismissed.

Dckt. No. 103 at 6-11.  The court granted plaintiff one final opportunity to amend.  Before the court is plaintiff's fourth amended complaint.  Dckt. No. 106.

////

**II.     Screening Order**

In the fourth amended complaint, plaintiff repeats the allegations from his prior complaints and again fails to plead facts sufficient to state a cognizable claim for relief.  He alleges that in 2002 he had been charged with sexually battering two employees at the California Medical Facility (CMF), but that after an investigation, the charges were dropped.  He claims that in 2008, he was wrongfully placed in administrative segregation because the two CMF employees allegedly feared for their safety.  He claims that defendants Olson and Shankland prepared false reports to place and retain him in administrative segregation.  He also claims that he was retained in administrative segregation after he was denied due process by Shankland at an Institutional Classification Committee meeting.  He further alleges that defendant Mitchell denied plaintiff due process when she denied plaintiff's administrative appeal regarding the reports drafted by Olson and Shankland.  He claims that defendants Dickinson and Knowles also knew that the reports were false, but did nothing to correct the errors.  He also alleges that defendants Mitchell and Dickinson knew that the cell doors in administrative segregation had "frequent difficulties" which presented a risk for a dialysis patient such as plaintiff.  Additionally, plaintiff generally alleges that adverse actions were taken against him in retaliation for filing numerous appeals.

The court has repeatedly informed plaintiff of the requirements for stating a due process claim.  *See* Dckt. No. 95 at 8-10; Dckt. No. 103 at 7-8.  Specifically, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).  A liberty interest may exist where placement in administrative segregation "imposes atypical and significant hardship in the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The court previously dismissed plaintiff's due process claim because he had failed to plead facts showing that the deprivations or other restrictions that he faced in administrative segregation presented a dramatic departure from the

basic conditions of his sentence.  *See* Dckt. No. 95 at 9-10; Dckt. No. 103 at 8.  Once again, plaintiff fails to plead any facts showing that he had a liberty interest protected by the Due Process Clause in avoiding placement in administrative segregation.  Plaintiff fails to state a cognizable due process claim.

Additionally, and as plaintiff is aware, an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  Dckt. No. 103 at 5. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  Moreover, plaintiff may not impose liability on a defendant simply he or she played a role in processing plaintiff's inmate appeals.  Dckt. No. 103 at 8.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).  Plaintiff merely alleges that defendants Mitchell, Dickinson, and Knowles were aware that the reports drafted by defendants Olson and Shankland were false.  Plaintiff does not plead facts showing that defendants Mitchell, Dickinson, or Knowles were personally involved in violating any of plaintiff's federally protected rights.

Plaintiff references alleged retaliation and Eighth Amendment violations in his complaint.  To state such an Eighth Amendment claim, a prisoner must allege facts showing that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety.  *Id.* at 834.  To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  The

court previously informed plaintiff of the standards governing claims of alleged deliberate indifference in violation of the Eighth Amendment and for retaliation in violation of the First Amendment. *See* Dckt. No. 103.   Plaintiff's vague and conclusory allegations do not cure the defects in these claims and are plainly insufficient to state a cognizable claim for relief.

Despite several opportunities to amend, plaintiff is unable to state a cognizable claim for relief, and further leave to amend would be futile.  Accordingly, the court should dismiss the amended complaint without leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed for failure to state a claim and that the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 15, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE